IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:16-CR-100-LG-RHW

**MICHAEL JAY LOEBENBERG**

## ORDER DENYING MOTION TO TERMINATE SUPERVISION

**BEFORE THE COURT** is the [46] Motion for Early Termination of Supervised Release filed by the defendant, Michael Jay Loebenberg. Loebenberg entered a plea of guilty to dispensing a schedule IV-controlled substance outside the scope of professional practice, in violation of 21 U.S.C. § 841(a)(1). On September 22, 2017, the Court sentenced Loebenberg to 18 months' imprisonment, a fine of $15,000, and three years of supervised release. Loebenberg's term of supervised release has since commenced and is set to expire on February 14, 2022.

On March 8, 2021, the Court agreed to modify the conditions of supervised release by setting aside the 200 hour of community service condition due to defendant's poor health. Loebenberg now seeks early termination of supervised release, claiming that he has paid his restitution in full and has satisfied all conditions of release. He also notes that both the United States Probation Office and the United States Attorney's Office do not object to early termination of supervised release. He maintains that the factors set forth in 18 U.S.C. § 3553(a) warrant termination.

The Court has the authority to terminate a term of supervised release "after considering the factors set forth in section 3553(a) . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e), (e)(1). The Court has broad discretion to determine whether early termination is warranted. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Typically, to qualify for early termination, a defendant must show that there has been the expiration of one year of supervised release, *see* 18 U.S.C. § 3583(e)(1), and changed circumstances such as exceptionally good behavior. *See, e.g., United States v. Williams*, 5:15-cr-5, 2020 WL 5995692, at *2 (S.D. Miss. Oct. 9, 2020) (citation omitted); *United States v. Akin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Here, Loebenberg has served two years of supervised release, but has not presented any exception or changed circumstances that would justify early termination of his supervised release. The probation officer, who is in the best position to assess a person's progress while on supervised release, attests to Loebenberg's compliance with the terms of his supervised release and his continuing good works. However, the probation officer's tepid comments do not include any recommendations concerning early termination.[1] As reported by the

---

[1] The Court has reviewed the memorandum dated 05/28/2021 from defendant's probation officer. The memorandum states no opinion, either for or against, early supervised release termination and simply concludes "Mr. Loebenberg remains in full compliance with his supervised release conditions and the probation officer does not have any objections at this time." The Court has received nothing from the U.S. Attorney.

probation officer, defendant's conduct simply constitutes his required compliance with the "Standard Conditions of Supervision" imposed by the Court's judgment. *See Jones*, 2013 WL 2417927, at *1; *see also United States v. Hartman*, 3:00-cr-228, 2013 WL 524257, at *4 (N.D. Tex. Jan. 18, 2013) (finding that complying with the "Standard Conditions of Supervision" does not warrant early termination). Many other defendants who abide by all their supervised release conditions are required to serve their entire supervised release term. *See Hartman*, 2013 WL 524257, at *3 (citation omitted).

Moreover, § 3553 factors disfavor early termination. *See* 18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3583(e). Supervised release serves an important criminal justice function. And in determining the length of the term and conditions of supervised release the Court has considered the statutory sentencing factors. This includes § 3353(a)(1)…the nature and circumstances of the offense and history and characteristics of the defendant. *See* 18 U.S.C. § 3583(c). Loebenberg entered a plea of guilty to one count in a seven-teen count indictment. He received a sentence of imprisonment well below the advisory guideline range.[2] And his supervised release terms have recently been modified to accommodate his medical circumstances. While the Court looks forward to Loebenberg's eventual successful and complete reintegration into society, to grant early termination of supervised release at this time would not serve the interests of justice.

---

[2] Based upon the defendant's offense level and criminal history category, the guideline imprisonment range was 37 months to 46 months. *See* PSI Report ¶ 102.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [46] Motion for Early Termination of Supervised Release filed by the defendant, Michael Jay Loebenberg, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE